1  **JOHN C. ELLIS, JR.**
   California State Bar No. 228083
2  **JAMES M. CHAVEZ**
   California State Bar No. 255766
3  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
4  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
5  E-Mail: john_ellis@fd.org/james_chavez@fd.org

6  Attorneys for Javier Garcia-Villegas

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10           **(HONORABLE MAGISTRATE JUDGE ANTHONY J. BATAGLIA)**

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, ) | Case No. 08CR1761-JM(AJB) |
| 12         Plaintiff, ) | DATE:  June 11, 2008 |
|   ) | TIME:  9:00 a.m. |
| 13  v. ) | |
|   ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| 14  JAVIER GARCIA-VILLEGAS, ) | |
|   ) | (1) DISMISS THE INFORMATION DUE TO THE FAILURE TO ALLEGE AN ESSENTIAL ELEMENT OF THE OFFENSE; |
| 15         Defendant. ) | |
|   ) | (2) DISMISS THE INFORMATION BECAUSE IT IS DUPLICITOUS; |
|   ) | (3) SUPPRESS STATEMENTS; |
|   ) | (4) COMPEL DISCOVERY; AND |
|   ) | (5) LEAVE TO FILE FURTHER MOTIONS |

20  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
        GEORGE V. MANAHAN, ASSISTANT UNITED STATES ATTORNEY:

21

22       **PLEASE TAKE NOTICE** that, on Wednesday, June 11, 2008, at 9:00 a.m., or as soon thereafter

23  as counsel may be heard, the accused, Javier Garcia-Villegas, by and through his attorneys, John C. Ellis, Jr.,

24  James M. Chavez, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the

25  motions listed below.

26  / / /

27  / / /

28  / / /

**MOTIONS**

Javier Garcia-Villegas, the accused in this case, by and through his attorneys, John C. Ellis, Jr., James M. Chavez, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an Order:

1) Dismiss the Information Due to Failure to Allege an Essential Element of the Offense;

2) Dismiss the Information Because it Is Duplicitous;

3) Suppress Statements;

4) Compel Discovery; and

5) Leave to File Further Motions

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED: June 4, 2008

*/s/ John C. Ellis, Jr.*
**JOHN C. ELLIS, JR.**
**JAMES M. CHAVEZ**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia-Villegas

**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**JAMES M. CHAVEZ**
California State Bar No. 255766
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org/james_chavez@fd.org

Attorneys for Javier Garcia-Villegas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE MAGISTRATE JUDGE ANTHONY J. BATAGLIA)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1761-JM(AJB) |
| Plaintiff, | DATE:  June 11, 2008<br>TIME:  9:00 a.m. |
| v. | STATEMENT OF FACTS AND |
| JAVIER GARCIA-VILLEGAS, | MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF |
| Defendant. | DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

On May 21, 2008, at approximately 5:40 p.m., Mr. Garcia-Villegas was arrested five miles east of the San Ysidro, California port of entry. Mr. Garcia-Villegas was initially questioned in the absence of <u>Miranda</u> warnings. Subsequently, Mr. Garcia-Villegas was advised of his administrative rights in immigration proceedings. Later yet, attempts were made to advise him of his <u>Miranda</u> rights.

On May 29, 2008, the government filed a one count information charging an attempted illegal entry in violation of Title 8, United States Code, Section 1325.

These motions follow.

/ / /

/ / /

/ / /

## II.

## **THE INFORMATION MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE THAT MR. GARCIA-VILLEGAS COMMITTED AN OVERT ACT, WHICH IS AN ESSENTIAL ELEMENT OF THE CHARGED OFFENSE**

The Supreme Court has held that a charging document[1] must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Carll, 105 U.S. 611, 612-13 (1881) (emphasis added). It is black letter law that a charging document that does not allege an element of an offense, even an implied element, is defective, and should be dismissed. See, e.g., Russell v. United States, 369 U.S. 749, 769-72 (1962); Stirone v. United States, 361 U.S. 212, 218-19 (1960); United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); United States v. Keith, 605 F.2d 462, 464 (9th Cir. 1979). When determining whether a charging document must be dismissed for failing to state an offense, this Court is bound by the four corners of the information, and thus must only consider evidence appearing on the face thereof. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

Here, Mr. Garcia-Villegas is charged with an attempted illegal entry. The information charges, in relevant part, that:

> JAVIER GARCIA-VILLEGAS, being an alien, and having the conscious desire to enter the United States at a time and place other than as designated by immigration officers did unlawfully attempt to enter the United States at a time and place other as designated by immigration officers, and eluded examination and inspection by immigration officers....

An element of an attempt offense is that the person took a substantial step towards completing the offense. United States v. Resendiz-Ponce, 127 S.Ct. 782, 787 (2007) ("As was true at common law, the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct.").[2] In this case, the information does not allege a necessary element of an attempt charge: an overt act. Accordingly, because the information fails to allege all necessary elements, it must be dismissed.

---

[1] Many of the cases cited herein refer specifically to indictments rather than informations. There is no logical reason that the government should be held to a lesser standard when it is proceeding by information rather than indictment. Accordingly, in some instances, the term "indictment" has been replaced with the term "charging document."

[2] The Resendiz-Ponce Court held that an indictment charging an attempted illegal entry under 8 U.S.C. § 1326 that alleged that on a specific date, Mr. Resendiz-Ponce "attempted to enter the United States of America at or near San Luis in the District of Arizona" was sufficient.

**III.**

**THE INFORMATION MUST BE DISMISSED BECAUSE IT IS DUPLICITOUS**

The single count information is duplicitous because it charges multiple offenses. Federal Rule of Criminal Procedure 8(a) prohibits the charging two or more offenses in the same count of an information. "Duplicity is the joining of two or more distinct offenses in a single count, so that the general verdict does not reveal exactly which crimes the jury found the defendant committed." United States v. Gomberg, 715 F.2d 843, 845 (93d Cir. 1983). Combining offenses in one count creates several problems:

> (1) The jury in a general verdict cannot make a finding on each offense; (2) A defendant may not have proper notice of the charges against him; (3) It may be difficult if not impossible to make correct evidentiary rulings; (4) A jury may convict a defendant without unanimously agreeing on the same offense; (5) A defendant may be prejudiced in a subsequent double jeopardy defense; (6) A defendant may be prejudiced at sentencing; and (7) A defendant may face limited review on appeal.

United States v. Gray, 101 F. Supp. 2d 580, 583 (E.D. Tenn. 2000); see also United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985); United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 1976).

Mr. Garcia-Villegas is charged with an attempted violation of 8 U.S.C. § 1325. Section 1325 provides, in relevant part:

> Any alien who (1) enters or attempts to enter the United States at any time or place other than as designated by immigration officers, or (2) eludes examination or inspection by immigration officers, or (3) attempts to enter or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both.

There are at least twelve distinct offenses that can be charged based on the above language.

In United States v. Ramirez-Martinez, 273 F.3d 903, 913-14 (9th Cir. 2001), the Ninth Circuit indicated that in determining whether a count is duplicitous, a reviewing court should assess whether the count charges offenses with different elements.

Here, the information charges:

> On or about May 21, 2008, within the Southern District of California, defendant JAVIER GARCIA-VILLEGAS, being an alien, and having the conscious desire to enter the United States at a time and place other than as designated by immigration officers, did unlawfully attempt to enter the United States at a time and place other than as designated by immigration officers, and eluded examination and inspection by immigration officers; in violation of Title 8, United States Code, Section 1325, a misdemeanor.

This charge contains at least four distinct offenses, all of which presuppose that Mr. Garcia-Villegas is an alien:

    (1)    Mr. Garcia-Villegas attempted to enter the United States at a time other than as designated by an immigration officer;

    (2)    Mr. Garcia-Villegas attempted to enter the United States at a place other than as designated by an immigration officer;

    (3)    Mr. Garcia-Villegas eluded examination by an immigration officer;

    (4)    Mr. Garcia-Villegas eluded inspection by an immigration officer.

Each of these offenses contains an element not present in the other. Accordingly, each offense should have been charged in a separate count. Because they were all charged together, the count is duplicitous. Therefore, the information must be dismissed.[3]

## IV.

## SUPPRESS ALL STATEMENTS

According to the government, Mr. Garcia-Villegas made two sets of statements: one, immediately after his arrest (field statements); and two, after attempts to advise him of Miranda rights (interrogation). All of the statements must be suppressed because the government failed to comply with Miranda and has not established that the statements were voluntary.

In order for any statements made by Mr. Garcia-Villegas to be admissible against him, the government must demonstrate that they were obtained in compliance with the Miranda decision. The government must establish that Mr. Garcia-Villegas' waiver of his Miranda rights was voluntary, knowing, and intelligent. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). When interrogation continues without the presence of an attorney, and a statement results, the government has a heavy burden to demonstrate that the defendant has intelligently and voluntarily waived his privilege against self-incrimination. Miranda, 384 U.S. at 475. The court must indulge every reasonable presumption against waiver of fundamental constitutional rights, so the burden on the government is great. United States v. Heldt, 745 F. 2d 1275, 1277 (9th Cir. 1984).

---

[3] If the government takes the position that it is charging different theories of violating 8 U.S.C. § 1325, then the Information is violative of Mr. Garcia-Villegas' Fifth and Sixth Amendment rights to a due process, a fair trial, and notice, and should be dismissed.

In determining whether a waiver is voluntary, knowing, and intelligent, the court looks to the totality of the circumstances surrounding the case. Edwards v. Arizona, 451 U.S. 477 (1981); United States v. Garibay, 143 F.3d 534 (9th Cir. 1998). The Ninth Circuit has held that determination of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Derrick v. Peterson, 924 F. 2d 813 (9th Cir. 1990). The second prong requires an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-821 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). Not only must the waiver be uncoerced, then, it must also involve a "requisite level of comprehension" before a court may conclude that Miranda rights have been legitimately waived. Id. (quoting Colorado v. Spring, 479 U.S. at 573). Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as a result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479.

**A.    Mr. Garcia-Villega's Alleged Field Statements Must Be Suppressed Because the Government Cannot Demonstrate Compliance With Miranda.**

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966).[4] Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969). In United States v. Beraun-Panez, 812 F.2d 578 (9th Cir. 1987), the Ninth Circuit found that an individual questioned out in an open field, who was neither held nor handcuffed, nor told that he was under arrest, was nonetheless in custody for Miranda purposes.

Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980). Those warnings must advise the defendant of each of his or her "critical" rights. See United States v. Noti, 908 F.2d 610, 614 (9th Cir. 1984).

---

[4] In Dickerson v. United States, 530 U.S. 428 (2000), the Supreme Court held that Miranda rights are no longer merely prophylactic, but are of constitutional dimension. Id. at 444 ("we conclude that Miranda announced a constitutional rule").

1   In order for the warning to be valid, it cannot be affirmatively misleading. <u>United States v. San Juan-Cruz</u>,
2   314 F.3d 384, 387 (9th Cir. 2002). Rather, the warning must be clear and not susceptible to equivocation.
3   <u>Id.</u> If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease.
4   <u>Miranda</u>, 384 U.S. at 474; <u>see also</u> <u>Edwards v. Arizona</u>, 451 U.S. 477, 484 (1981).

5   Here, Mr. Garcia-Villegas was apprehended by Agent Kim near the Secondary Border Fence. Officer
6   Kim was performing his duties as a Border Patrol agent and was therefore presumably in uniform and
7   carrying a visible firearm. The report issued by Agent Kim states that, while still in the field at the Border
8   Fence area, Agent Kim obtained inculpatory statements from Mr. Garcia-Villegas regarding his alienage.
9   Alienage is an element of the charged offense that the government must prove at trial beyond a reasonable
10  doubt. There is, however, no written waiver executed by Mr. Garcia-Villegas demonstrating that he received
11  <u>Miranda</u> warnings or waived his rights as to those alleged statements. Moreover, Agent Kim does not even
12  claim in his report to had given any <u>Miranda</u> warnings prior to questioning Mr. Garcia-Villegas. Accordingly,
13  because Agent Kim conducted a custodial interrogation of Mr. Garcia-Villegas without any <u>Miranda</u> warnings
14  and without obtaining a knowing wavier of his rights, Mr. Garcia-Villegas' alleged statements in the field
15  must be suppressed.

16  **B.    Mr. Garcia-Villegas's Statements from the Interrogation must Be Suppressed Because the Government Failed to Comply with Miranda.**
17

18  Prior to the post-arrest interrogation, government agents attempted to advise Mr. Garcia-Villegas of
19  his <u>Miranda</u> rights. <u>Miranda</u> affords all individuals the right to be informed, prior to custodial interrogation,
20  "that [they have] the right to the presence of an attorney, and that if [they] cannot afford an attorney one will
21  be appointed for [them] prior to any questioning if [they] so desire[ ]." 384 U.S. at 479. In order to be in
22  compliance with <u>Miranda</u>, a person must receive "advice [that is "meaningful"] to the unlettered and
23  unlearned in language which [they] can comprehend and on which [they] can knowingly act." <u>Coyote v.</u>
24  <u>United States</u>, 380 F.2d 305, 308 (10th Cir.), cert. denied, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967).

25  In this case, Mr. Garcia-Villegas was advised, in part,

26  You have the right to speak with an attorney so he advises you before we ask you any
    questions and he can be present during the interrogation. If you don't have the means to
27  employ an attorney, one will be deseg-na-nated to you before any interrogation, if you wish.

28

1  At a minimum, the above advisement is insufficient because being informed that an attorney will be deseg-na-
2  nated is not the same as one being appointed. Accordingly, because the advisement does not substantially
3  comply with Miranda, all of Mr. Garcia-Villegas' statements from the interrogation must be suppressed.

4  **C.      Mr. Garcia-Villegas' Statements Must Be Voluntary.**

5  Even if this Court determines that the two sets of statements complied with Miranda, it must still
6  make a determination that the statements are voluntary. 18 U.S.C. § 3501(a). In addition, section 3501(b)
7  requires this Court to consider various enumerated factors, including whether Mr. Garcia-Villegas understood
8  the nature of the charges against him and whether he understood his rights. Without such evidence, this Court
9  cannot adequately consider these statutorily mandated factors.

10  Moreover, section 3501(a) requires this Court to make a factual determination. Where a factual
11  determination is required, Fed. R. Crim. P. 12 obligates courts to make factual findings. See United States
12  v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because "'suppression hearings are often as important
13  as the trial itself,'" id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)), these findings should be
14  supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's
15  responsive pleading.

16                                               **V.**

17                        **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

18  Mr. Garcia-Villegas moves for the production of the following discovery. This request is not limited
19  to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the
20  custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See
21  United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

22  (1)     The Defendant's Statements. The government must disclose to the defendant all copies of
23  any written or recorded statements made by the defendant; the substance of any statements made by the
24  defendant which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal;
25  see id., any response by the defendant to interrogation; the substance of any oral statements which the
26  government intends to introduce at trial and any written summaries of the defendant's oral statements
27  contained in the handwritten notes of the government agent; any response to any Miranda warnings which
28  may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim.

1  P. 16(a)(1)(A)[5]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the
2  Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the
3  government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed
4  "to protect the defendant's rights to a fair trial." <u>United States v. Rodriguez</u>, 799 F.2d 649 (11th Cir. 1986);
5  <u>see also</u> <u>United States v. Noe</u>, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide
6  statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a
7  serious detriment to preparing trial and defending against criminal charges).

8      (2)    <u>Arrest Reports and Notes</u>. The defendant also specifically requests that the government turn
9  over all arrest reports, notes and TECS records not already produced that relate to the circumstances
10 surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes,
11 records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any
12 other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)
13 and <u>Brady v. Maryland</u>. The government must produce arrest reports, investigators' notes, memos from
14 arresting officers, sworn statements, and prosecution reports pertaining to the defendant. <u>See</u> Fed. R. Crim.
15 P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original
16 notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458
17 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).

18     (3)    <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and
19 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
20 government's case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Under <u>Brady</u>, <u>Kyles</u> and their progeny,
21 impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the
22 accused. <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).
23 This includes information obtained from other investigations which exculpates Mr. Garcia-Villegas.

24     (4)    <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The
25 government must also produce this information under <u>Brady v. Maryland</u>. This request includes any
26 cooperation or attempted cooperation by the defendant, as well as any information, including that obtained

---

28     [5] Of course, any of Mr. Garcia-Villegas's statements, which are exculpatory, must be produced, as well. <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5)     <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6)     <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Garcia-Villegas requests such reasonable notice at least one week before trial so as to adequately investigate and prepare for trial.

(7)     <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8)     <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party in relation to this case.

(9)     <u>Henthorn Material</u>. Mr. Garcia-Villegas requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F.Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation

to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10)  Tangible Objects. The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession, including, but not limited to, the defendant and any other photos taken in connection with this case.

(11)  Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co. 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . ..").

(12)  Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(13)  Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

(14)  Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

1      (15)   <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

     (16)   <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview notes are subject to Jencks Act).

     (17)   <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

     (18)   <u>Agreements Between the Government and Witnesses</u>. In this case, the defendant requests identification of any cooperating witnesses who have committed crimes, but were not charged, so that they may testify for the government in this case. The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

     Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u> statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements

1  regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of
2  these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

3  (19)  <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of the names and
4  addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular,
5  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
6  charged against Mr. Garcia-Villegas.  The government must disclose the informant's identity and location,
7  as well as the existence of any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v.</u>
8  <u>United States</u>, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from
9  informants which exculpates or tends to exculpate the defendant.

10  (20)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any
11  information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>.
12  Such information would include what, if any, inducements, favors, payments or threats were made to the
13  witness to secure cooperation with the authorities.

14  (21)  <u>Inspection and Copying of A-File</u>.  Mr. Garcia-Villegas requests that this Court order the
15  government to make all A-Files relevant to Mr. Garcia-Villegas available for inspection and copying.

16  (22)  <u>Residual Request</u>.  Mr. Garcia-Villegas intends, by this discovery motion, to invoke his rights
17  to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
18  and laws of the United States.  Mr. Garcia-Villegas requests that the government provide his attorney with
19  the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-
20  examination.

**VI.**

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

23  Mr. Garcia-Villegas and defense counsel have received limited discovery in this case.  As new
24  information surfaces due to the government providing discovery in response to these motions or an order of
25  this Court, defense will find it necessary to file further motions, or to supplement existing motions with
26  additional facts.  Therefore, defense counsel requests the opportunity to file further motions based upon
27  information gained from discovery.

28

# VII.

# **CONCLUSION**

For the reasons stated above, Mr. Garcia-Villegas moves this Court to grant his motions.

Respectfully submitted,

DATED: June 4, 2008        */s/ John C. Ellis, Jr.*
**JOHN C. ELLIS, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Javier Garcia-Villegas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CR1761-JM(AJB) |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JAVIER GARCIA-VILLEGAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of his information and belief, and that a copy of the foregoing has been electronically served this day upon:

> George V. Manahan, Assistant United States Attorney
> 880 Front Street
> San Diego, CA 92101

Dated: June 4, 2008
　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/John C. Ellis, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　　　 **JOHN C. ELLIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　 Federal Defenders
　　　　　　　　　　　　　　　　　　　　　　　　　　 225 Broadway, Suite 900
　　　　　　　　　　　　　　　　　　　　　　　　　　 San Diego, CA 92101-5030
　　　　　　　　　　　　　　　　　　　　　　　　　　 (619) 234-8467  (tel)
　　　　　　　　　　　　　　　　　　　　　　　　　　 (619) 687-2666  (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　　 E-mail:john_ellis@fd.org