**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**JAMES M. CHAVEZ**
California State Bar No. 255766
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org/james_chavez@fd.org

Attorneys for Javier Garcia-Villegas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 08cr1761-JM (AJB) |
| ) | |
| Plaintiff, ) | Date: June 11, 2008 |
| ) | Time: 9:00 a.m. |
| v. ) | |
| ) | **NOTICE OF SUPPLEMENTAL MOTION AND** |
| JAVIER GARCIA-VILLEGAS, ) | **SUPPLEMENTAL MOTION TO:** |
| ) | |
| ) | **(1) SUPPRESS MR. GARCIA-VILLEGAS'** |
| Defendant. ) | **POST-ARREST STATEMENTS.** |
| _____ ) | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
      GEORGE MANAHAN, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on June 11, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, the accused, Javier Garcia-Villegas, by and through his attorneys, James M. Chavez, John C. Ellis, Jr. and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the supplemental motion outlined below.

////
////
////
////
////

## **MOTION**

Defendant, Mr. Garcia-Villegas, by and through his attorneys, James M. Chavez, John C. Ellis, Jr. and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Suppress Mr. Garcia-Villegas' Post-Arrest Statements.

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on this motion.

Respectfully submitted,

Dated: June 6, 2008

*/s/ John C. Ellis, Jr.*
**JOHN C. ELLIS, JR.**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia-Villegas
john_ellis@fd.org

**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**JAMES M. CHAVEZ**
California State Bar No. 255766
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: john_ellis@fd.org/james_chavez@fd.org

Attorneys for Javier Garcia-Villegas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MAGISTRATE JUDGE ANTHONY J. BATTAGLIA)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1761-JM(AJB) |
| Plaintiff, ) | DATE: June 11, 2008 |
| ) | TIME: 9:00 a.m. |
| v. ) | |
| ) | **SUPPLEMENTAL MOTIONS** |
| JAVIER GARCIA-VILLEGAS, ) | |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**

On May 21, 2008, at approximately 5:40 p.m., Mr. Garcia-Villegas was arrested five miles east of the San Ysidro, California port of entry. Mr. Garcia-Villegas was initially questioned in the absence of Miranda warnings. Subsequently, Mr. Garcia-Villegas was advised of his administrative rights in immigration proceedings. Later yet, attempts were made to advise him of his Miranda rights.

On May 29, 2008, the government filed a one count information charging an attempted illegal entry in violation of Title 8, United States Code, Section 1325.

These motions follow.

/ / /

/ / /

/ / /

**II.**

**THE STATEMENTS FROM MR. GARCIA-VILLEGAS' POST-ARREST STATEMENT MUST BE SUPPRESSED BECAUSE HE WAS PROVIDED WITH CONFLICTING ADVISEMENTS OF RIGHTS.**

Since the filing of the original motions, defense counsel has had time to fully review the transcript of Mr. Garcia-Villegas' post-arrest interrogation. Based on this review, an additional ground to suppress the statements from Mr. Garcia-Villegas' post-arrest interrogation have arisen. Namely, these statements must be suppressed because Mr. Garcia-Villegas was provided with conflicting advisements of rights.

Mr. Garcia-Villegas, prior to being advised of his Miranda rights, was advised of his administrative rights--which do not include the right to a free attorney.[1] At some point thereafter, Mr. Garcia-Villegas was advised as follows:

> Okay, sir. Uhm, you were previously informed of your rights, in which you asked to to [*sic*] return to your country as soon as possible. You should understand that those rights only apply in Immigration proceedings for removing you from the United States. Now you should understand that there has been a change in which you will not be returned to your country at this time. Eh, instead now you will be tried for a federal crime. Do you understand what I have just explained?

At no point was Mr. Garcia-Villegas specifically told that his administrative rights no longer apply. Moreover, the failure to inform Mr. Garcia-Villegas is further complicated by the fact that during the attempts to provide him with his Miranda rights, the agents failed to provide meaningful advice that Mr. Garcia-Villegas could "comprehend and on which [he could] knowingly act." Coyote v. United States, 380 F.2d 305, 308 (10th Cir.), cert. denied, 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967). Specifically, Mr. Garcia-Villegas was informed: "If you do not have the means to hire an attorney, one will be designated before any questioning if you so desire."

In United States v. San Juan Cruz, 314 F.3d 384, 387-88 (9th 2002),the Ninth Circuit addressed the inherent harm in providing a person with two different and conflicting sets of warnings. As is the case here, Mr. San Juan was first informed of his administrative rights, which do not include the right to a free attorney. Id. (citing 8 C.F.R. § 287.3). Then, Mr. San Juan Cruz was advised, under Miranda, that if he could not

---

[1] Immigration regulations provide, in relevant part, "an alien arrested without warrant and placed in formal proceedings under section 238 or 240 of the Act will be advised of the reasons for his or her arrest and the right to be represented at no expense to the Government." 8 C.F.R. § 287.3.

1  afford an attorney, one would be appointed for him. Id.  The San Juan Cruz Court observed:

2      When one is told clearly that he or she does not have the right to a lawyer free of cost and
3      then subsequently advised, "[i]f you can't afford a lawyer, one will be appointed for you,"
    it is confusing. Requiring someone to sort out such confusion is an unfair burden to impose
4      on an individual already placed in a position that is inherently stressful.

5  Id. at 388 (citations omitted).  The Ninth Circuit determined that the two sets of warnings were confusing

6  because the defendant could not reasonably ascertain from the warnings provided whether he could or could

7  not retain the services of an attorney for free. Id.  To rectify the situation, the interrogating agent should have

8  clarified his statements or advised San Juan to disregard the administrative rights in favor of those read to him

9  under Miranda. Id. at 389. The Ninth Circuit held that the trial court erred in not suppressing Mr. San Juan

10 Cruz' statements because he received conflicting advisements and the agents failed to adequately rectify the

11 confusion.

12     In this case, as was the case in San Juan Cruz, Mr. Garcia-Villegas received conflicting advisements.

13 He was first told that he was not entitled to an attorney free of costs.  Later, he was told that if he did not

14 "have the means to hire an attorney, one [would] be designated before any questioning if [he so desired]."

15 Not only are these two advisements in conflict, but the agent failed to take any meaningful steps to rectify

16 the situation.  In fact, the agent confounded problems by only advising Mr. Garcia-Villegas that an attorney

17 could be "designated" if he so desired.  Such an advisement is insufficient to cure the taint of the original

18 warnings.  Accordingly, Mr. Garcia-Villegas' statements from the post-arrest interrogation must be

19 suppressed.

20     **III.**

21     **CONCLUSION**

22     For the reasons stated above, Mr. Garcia-Villegas moves this Court to grant his motions.

23     Respectfully submitted,

24 DATED:  June 6, 2008

25     */s/ John C. Ellis, Jr.*
    **JOHN C. ELLIS, JR.**
26     Federal Defenders of San Diego, Inc.
    Attorneys for Javier Garcia-Villegas

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08cr1761-JM (AJB) |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JAVIER GARCIA-VILLEGAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of his information and belief, and that a copy of the foregoing Defendant's Notice of Supplemental Motion and Supplemental Motions has been electronically served this day upon:

George Manahan, Assistant United States Attorney
880 Front Street
San Diego, CA  92101


Dated: June 6, 2008                             /s/ John C. Ellis, Jr.
                                                JOHN C. ELLIS, JR.
                                                Federal Defenders
                                                225 Broadway, Suite 900
                                                San Diego, CA 92101-5030
                                                (619) 234-8467  (tel)
                                                (619) 687-2666  (fax)
                                                E-mail: john_ellis@fd.org